■ Brad H. et al., Respondents, v City of New York et al., Appellants. [822 NYS2d 245]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered April 20, 2005, which, in an action involving defendant City's obligation to provide discharge planning for plaintiffs, a class consisting of inmates receiving treatment for mental illness while incarcerated in a "City Jail" (*see* 185 Misc 2d 420 [2000], *affd for reasons stated* 276 AD2d 440 [2000]), declared that inmates housed in forensic units located at Bellevue, Kings County and Elmhurst hospitals are class members subject to the parties' stipulation of settlement (the settlement), unanimously affirmed, without costs.

The IAS court correctly held that the term "City Jail" in the settlement is not ambiguous, and correctly interpreted it, as a matter of law without reference to extrinsic evidence (*see Kass v Kass*, 91 NY2d 554, 566-567 [1998]), to include "forensic units" (referred to as "secure hospital units" by defendants and "prison wards" by plaintiffs) housing mentally ill inmates. The settlement defines "City Jail" as "a correctional facility operated by one or more defendants." It is undisputed that the New York City Health and Hospitals Corporation (HHC), a defendant herein, operates these units. In addition, under New York City Charter § 623 (1), the Correction Commissioner has "[c]harge

and management of all institutions of the city, including all hospital wards therein for the care and custody of . . . prisoners . . . who require hospital care, including those requiring psychiatric observation or treatment . . . , except such places for the detention of prisoners . . . as are by law placed under the charge of some other agency." In view of the foregoing, no ambiguity as to the meaning of the term "City Jail" is raised by its somewhat narrower definition in the class certification order as "a correctional facility operated by Department of Correction," and the lack of a definition for the term "correctional facility." Clearly, each forensic unit is a "facility" and, because they are facilities where inmates with mental illness are housed and detained under the custody and supervision of the Department of Correction, each is a "correctional facility" and therefore a "City Jail" within the contemplation of the settlement.

To be sure, both before the IAS court and on appeal, defendants make forceful arguments based on the conduct of the parties prior to the instant dispute that the term "City Jail" was not intended to include the forensic units. Defendants assert, for example, and plaintiffs apparently do not contend otherwise, both (1) that during extensive discovery proceedings plaintiffs never sought any discovery relating to the forensic units, and (2) that during extensive settlement discussions conducted over the course of more than a year, the parties never discussed inmates housed in the forensic units or any procedures associated with the units. However, "[t]he best evidence of what parties to a written agreement intend is what they say in their writing" (*Slamow v Del Col*, 79 NY2d 1016, 1018 [1992]). Because the relevant terms of the settlement—"City Jail" and "correctional facility"—are clear and unambiguous, the extrinsic evidence bearing on the conduct of the parties may not be considered (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]). Defendants' reliance on the absence of any specific mention in the settlement of the forensic units is similarly unavailing (*see Nissho Iwai Europe v Korea First Bank*, 99 NY2d 115, 121-122 [2002] ["ambiguity does not arise from silence, but from what was written so blindly and imperfectly that its meaning is doubtful" (internal quotation marks and citation omitted)]). Finally, the agreement's definition of the term "Mental Health Centers" does not demonstrate or suggest that the forensic units are not encompassed by the term "City Jails." Ultimately, defendants' contention otherwise rests on extrinsic evidence that the forensic units provide a higher level of care than is provided in the mental health centers.

We have considered defendants' other arguments and find

them to be unavailing. Concur—Buckley, P.J., Nardelli, Williams, Gonzalez and McGuire, JJ.